## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

JUAN JACINTO CANO,

      Petitioner,

v.

KRISTI NOEM, *et al.*,

      Respondents.

Case No. 25 C 13288

Hon. LaShonda A. Hunt

## ORDER

    Petitioner Juan Jacinto Cano brings this petition for writ of habeas corpus and complaint for emergency injunctive relief pursuant to 28 U.S.C. § 2241, alleging that he is being unlawfully detained during the pendency of removal proceedings. For the reasons discussed below, the Court grants Petitioner's Petition for Writ of Habeas Corpus [1] as set forth herein. Respondents are ordered to provide Petitioner with a bond hearing **on or before November 19, 2025, or release Petitioner from custody under reasonable conditions of supervision**. By **November 26, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received his bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge.

## STATEMENT

    Petitioner, a citizen and national of Mexico, arrived in the United States about twenty-five years ago, where he resides with his partner and two U.S. citizen children in Illinois. (Pet. at ¶¶ 2-3, Dkt. 1). Petitioner has never been arrested or convicted of any crime, yet on October 29, 2025, he was detained by United States Immigration and Customs Enforcement ("ICE") while driving to work. (*Id.* ¶¶ 4-6). Petitioner claims that ICE had no warrant or probable cause to arrest him. (*Id.* ¶ 7). He also claims that there was no charging document, known as a Notice to Appear, and he therefore does not have an opportunity to challenge his detention. (*Id.* ¶ 8).

    Petitioner brings one count of violation of the Fifth Amendment right to due process (Count I), and one count of violation of the Immigration and Nationality Act (Count II). (*Id.* ¶¶ 54-66). Among other relief, Petitioner requests that this Court:

> Issue a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and order the immediate release of Petitioner, or in the alternative, order Respondents to schedule a bond hearing for Petitioner's removal proceedings within 5 days of the order and accept jurisdiction to issue a bond order, considering Immigration Courts nationwide are

1

ruling they have no jurisdiction over bond requests for individuals who entered without inspection, like Petitioner.

(*Id.* at 18).[1]

In response, Respondents contend that the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I.&N. Dec. 216 (BIA 2025), which was decided in September 2025, applies to this case and thus Petitioner—a foreign national who entered the United States without inspection—is not entitled to a bond hearing under Section 1226(a). (Resp. at 27; Dkt. 5). In addition, Respondents argue that the Court lacks jurisdiction over the issues presented in this case pursuant to jurisdictional bars in 8 U.S.C. § 1252(a)(2)(B)(ii), (b)(9), and (g) and that those never admitted to the United States do not qualify for bond. (*Id.* at 27-28). Respondents have raised these arguments in other similar cases throughout this District and across the country; they have repeatedly been rejected, and, with this Order, are rejected yet again.

Many courts have considered issues nearly identical, if not identical, to the ones presented in this case. Each has held that the petitioner is entitled to, at a minimum, a bond hearing pursuant to Section 1226(a). *See Ochoa Ochoa v. Noem et al.*, Case No. 25 C 10865, 2025 WL 2938779 (N.D. Ill. Oct. 16, 2025); *H.G.V.U. v. Smith et al.*, Case No. 25 C 10931, 2025 WL 2962610 (N.D. Ill. Oct. 20, 2025); *Z.T. et al. v. Smith et al.*, Case No. 25 C 12802 at Dkt. 14 (N.D. Ill. Oct. 21, 2025); *Torres Maldonado v. Crowley*, Case No. 25 C 12762 at Dkt. 16 (N.D. Ill. Oct. 24, 2025). The Court has thoroughly reviewed these rulings and adopts their well-reasoned analyses and conclusions. Thus, Respondents are ordered to provide Petitioner with a bond hearing **on or before November 19, 2025, or release Petitioner from custody under reasonable conditions of supervision**. By **November 26, 2025**, the parties shall file a joint status report informing the Court as to Petitioner's release status, when Petitioner received his bond hearing, the result of the bond hearing, and any findings made by the Immigration Judge. The Court will set additional case management deadlines after reviewing the joint status report.

**DATED**: November 12, 2025

**ENTERED**:

*LaShonda A. Hunt*

LaSHONDA A. HUNT
United States District Judge

---

[1] Unless otherwise noted, page numbers in citations to the docket reference "PageID #" in the CM/ECF header of the filing, not other page numbers in the header or footer of the document.